```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.            CRIMINAL ACTION NOS. 2:14-00029
                                   2:20-00089

**SEAN ANTHONY NALLE**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On May 10, 2022, the United States of America appeared by Negar M. Kordestani, Assistant United States Attorney, and the defendant, Sean Anthony Nalle, appeared in person and by his counsel, Timothy J. LaFon, for a hearing on the petition filed December 2, 2021, and amendment to the petition filed January 18, 2022, seeking revocation of supervised release, submitted by Senior United States Probation Officer M. Dylan Shaffer.  The defendant commenced a three (3) year term of supervised release in criminal actions 2:14-00029 and 2:20-00089 on January 20, 2021, as more fully set forth in the Judgment in a Criminal Case

Orders entered by the court on June 25, 2015, and November 17, 2020, respectively.

The court heard the admissions of the defendant, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant was subject to a Domestic Violence Petition Order protecting Heather Saulino served upon the defendant on October 25, 2021, thereafter, on October 28, 2021, the defendant violated the protective order by entering the victim's apartment where the victim encountered the defendant under her son's bed, and later on the same date, after being directed by an officer to leave the premises, the defendant returned to the victim's residence in a second violation of the protective order; (2) On November 20, 2021, the defendant violated that same protective Order by entering through a partially opened window on which the window lock was found broken, and entered the premise of the victim's residence and confronted her in her bathroom while she was taking a shower,

thereby committing burglary in violation of the laws of the State of West Virginia and in violation of the protective order; and, (3) on April 27, 2021, July 1, 2021, July 13, 2021 and August 9, 2021, the defendant submitted urine specimens that tested positive for amphetamine and methamphetamine, and on August 17, 2021, the defendant submitted a urine screen that tested positive for methamphetamine; all in violation of the terms of supervised release, and as to number (3) above, admitted to by the defendant, and all as found by a preponderance of the evidence, and as set forth in the petition and amended petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in criminal actions 2:14-00029 and 2:20-00089 be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal

Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE MONTHS and ONE DAY, in criminal action 2:14-00029, and TWELVE MONTHS and ONE DAY in criminal action 2:20-00089 to run concurrently with each other for a total of TWELVE MONTHS and ONE DAY, with credit for time served, and with no further term of supervised release in either criminal action.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  May 12, 2022

John T. Copenhaver, Jr.
Senior United States District Judge